139 F.3d 902
 18 O.S.H. Cas. (BNA) 1200
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
TRAYLOR BROS., INC., Petitioner,
v.
Alexis M. HERMAN, Secretary of Labor, Respondent.
 No. 97-2887.
 United States Court of Appeals, Seventh Circuit.
 Decided Feb. 19, 1998.
Argued Feb. 11, 1998.
 
 Petition for Review of an Order of the Occupational Safety and Health Review Commission.
 Before Hon. RICHARD D. CUDAHY, Hon. FRANK H. EASTERBROOK, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.
 
 Order
 
 1
 The only question in this case is whether substantial evidence supports an administrative finding that Traylor Bros., the general contractor on a bridge project, violated 29 C.F.R. § 1926.502(d)(15) by permitting a subcontractor to allow employees to tie their safety lines to large segments of "track" that were being installed, rather than to anchor points more firmly attached to the bridge structure. Traylor has been fined $5,600 for its role in the violation of this regulation.
 
 
 2
 Section 1926.502(d)(15) provides that "[a]nchorages used for attachment of personal fall arrest equipment shall be independent of any anchorage being used to support or suspend platforms and capable of supporting at least 5,000 pounds (22.2 kN) per employee attached". Traylor approved a proposal from its subcontractor under which the subcontractor would allow employees to fasten their safety lines to the track, which was suspended from a crane that is part of a form-setting machine. One day this system of suspension failed and a section of track fell into the river below, drowning an employee whose safety line, firmly attached to the heavy section of track, became the instrument of his death.
 
 
 3
 Traylor argued to the Administrative Law Judge that it had approved a system under which the subcontractor would secure the track to the crane by nylon chokers while the form-setting process was under way. Instead the subcontractor secured the track with metal clamps. It was the use of this inferior system, rather than a defect in the system it approved, that led to the accident, Traylor contends. It adds that it is not responsible for the failure of a subcontractor to abide by safety commitments. The ALJ rejected this position after observing that the safety arrangements, even if implemented exactly as Traylor contemplated, failed to comply with § 1926.502(d)(15). No matter how well the track was attached to the crane or the superstructure while being placed, the track was not an independent anchorage, the ALJ concluded.
 
 
 4
 Traylor's appellate brief all but ignores this aspect of the ALJ's conclusion. Instead of confronting directly the principal ground on which it lost, Traylor rings changes on the theme that a nylon choker, if used, would have protected the employees, and that it is not responsible for the subcontractor's decision to use metal clamps instead. But employers are not entitled to decide for themselves how much safety is enough and how to achieve that quantum of safety. They must follow regulations adopted under the statute. The rule in question calls for an "anchorage" that is "independent" of any other platform, and a mobile section of track suspended from a crane is no one's (reasonable) definition of an anchorage independent of the platform, which here was the track itself. Traylor does not contend that attaching safety lines to the closest independent anchorage would have made the job less safe than the procedure actually used. Cf. Caterpillar Inc. v. Herman, 131 F.3d 666 (7th Cir.1997). Remaining arguments do not require discussion. The petition for review is DENIED.